*(Rev. 12/6/12)*

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
DIVISION

**RECEIVED**

JAN 25 2023

TONY R. MOORE CLERK
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT LOUISIANA

Barbara Rogers CofferSmith
_____
Plaintiff

Civil No. _____

State of
Louisiana LSU HSC Shreveport et al
_____
Defendant

VS.

Judge
Magistrate Judge

5:23-cv-0121

**COMPLAINT**
**UNDER SECTION 706(f) OF THE CIVIL RIGHTS ACT OF 1964**

A. Describe in your own words the employment practices about which you are complaining, identifying the persons, companies, unions, agencies or bodies you say have engaged in such practices. Attach an additional sheet, if necessary.

See complaint

B. Have you filed with the Equal Employment Opportunity Commission (EEOC) a charge relating to such practices? Yes ☑     No ☐

C. Have you received from the EEOC a letter notifying you of your "right-to-sue" respecting such charges? Yes ☑     No ☐

If "Yes," attach a copy of such letter and notice, and state when you received same.

Date received: 10/27/22

D. Have you received from the EEOC a copy of its determination with regard to your charges? Yes ☑     No ☐

If "Yes," attach a copy of such determination. Also, if you disagree with any of the EEOC's findings or conclusions, state why:

See complaint

E. Give any other information you desire to disclose which supports your claim of discriminatory employment practices.

See complaint

Page 1 of 2

*(Rev. 12/6/12)*

F.  Under penalty of perjury, I declare that the information given in this complaint is true and correct.

Date: 1/25/23

_____
(Signature)

_____
(Street Address or P.O. Box)

_____
(City)         (State)    (Zip Code)

_____
(Area Code)      (Telephone Number)

_____
(Witness) Jennifer F. Willis

_____
(Witness) James W. Willis

Page **2** of **2**

RECEIVED

JAN 25 2023

TONY R. MOORE CLERK
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

SHREVEPORT DIVISION

BARBARA ROGERS CARTER SMITH                    CIVIL ACTION NO.:

VERSUS                                         JUDGE_____

STATE OF LOUISIANA, LOUISIANA STATE UNIVERSITY HEALTH
SCIENCE CENTER SHREVEPORT,      NORTHWEST
COALITION FOR THE HEALTH OF WOMEN
AND CHILDREN, AND LINDA BROOKS      MAGISTRATE JUDGE____

COMPLAINT

The Plaintiff in this case is

BARBARA ROGERS CARTER SMITH, a black female of the age of

majority whose permanent residence is located in Caddo Parish, Louisiana at

3687 Royale Place, Keithville, Louisiana 71047.

Defendants in this care are as follows:

STATE OF LOUISIANA, LOUISIANA STATE HEALTH SCIENCE

CENTER SHREVEPORT/NORTHWEST LOUISIANA COALITION FOR THE

HEALTH OF WOMEN AND CHILDREN (NWLC), 1501 Kings Hwy,

Shreveport, Louisiana 71103.

MATERNAL, INFANT, AND EARLY CHILDHOOD HOME VISITING

(MIECH), Louisiana Department of Health Office of Public Health Bureau of

Family Health 1450 Poydras Street, Suite 2013, New Orleans, **LA** 70112.

NURSE FAMILY PARTNERSHIP, (NFP) 1450 Poydras St., Suite 2013,

New Orleans, Louisiana 70112;

LINDA BROOKS, MSN, RN white female, DIRECTOR AND LIASON OF NORTHWEST LOUISIANA COALITION FOR THE HEALTH OF WOMEN AND CHILDREN (GRANT), 4215 Linwood Avenue, Shreveport, Louisiana 71108,

MARC GIBSON, white male, BUSINESS MANAGER OF OB/GYN DEPARTMENT AT LOUSIANA STATE UNIVERSITY HEALTH SCIENCE CENTER IN SHREVEPORT, 1501 Kings Hwy., Shreveport, Louisiana 71103; AND

EDWARD JONES, white male EMPLOYEE EEOC CONTACT, ASSISTANT VICE CHANCELLOR OF ADMINISTRATION AND ORGANIZATIONAL INTEGRITY, 1501 Kings Hwy., Shreveport, Louisiana 71103.

3.

This court has jurisdiction over this matter because the plaintiff's claims arise under Title VII of the Civil Rights Act of 1964 (Title VII), which prohibits employment discrimination based on race. Plaintiff filed a complaint of discrimination with the EEOC on June 6, 2022, and was issued a right to sue on October 27, 2023.

4.

Plaintiff was employed by Defendant, Louisiana State University Health Science Center in Shreveport as an RN for the prenatal postpartum, labor and delivery from 1998-2002. In 2002, Plaintiff transferred from the hospital to the school and worked as an RN Case Manager and RN Supervisor with the NWLC/NFP program until her forced retirement on October 31, 2022.

5.

In 2003, Wendi Barnette, a white female employee was working part time under another program, FIMR under NWLC. At that time a supervisor position was posted, and I applied for the position in January of 2003, Wendi Barnette was awarded the position on February 17, 2003. Plaintiff learned in conversation that Linda Brooks, white female and Program Director, and Wendi Barnette, white female, had privately discussed the job posting prior to it being posted. The two were personally acquainted outside of work. Before Wendi resigned from her position under the FIMR program, she was already attended the NFP program training in New Orleans, LA on January 28-January 30, 2003. Human Resources notified Linda Brooks that Wendi Barnette was under a different program in January 2003 and would not be able to cross over to and promote to supervisor under the NFP program unless she resigned her position. So, she had been trained and apparently hand selected for the supervisory position before she was even eligible to apply for it. This is evidence that she was going to be placed in the supervisory position regardless.

6.

Ten years later, in August of 2011, with Wendi Barnette as supervisor over our team, the NWLC/NFP program had grown, and a second team of nurses was added to the program. The employer posted a supervisor position over four nurses, and I applied for it, along with four or five other applicants. Plaintiff was told that the panel did not feel her communication skills were strong enough to represent the program. The employer advised that they had not found a qualified

applicant and reposted the position.  Again, I applied for the position along with five other applicants. During this interview, Bureau of Family Health contract holder was present. Plaintiff was the only applicant interviewed because Plaintiff was the only applicant remaining. Plaintiff was required to formulate and write out what she would say when discussing and promoting the grant program to community leaders and doctors.  Plaintiff was told in the first interview, that the panel did not feel her communication skills were strong enough to represent the program. Plaintiff then secured and provided letters from two state representatives she had spoken to and promoted the program to and provided those letters to her employer.

7.

Finally, after no other applicants and Plaintiff's ability to communicate had been confirmed, she was awarded the supervisor position on August 1, 2011. However, Plaintiff's application for the supervisory position of the new team was not the supervisory position she was awarded. The new position was given to Wendi Barnette, and Plaintiff was placed as supervisor over the already established original team.

8.

Ten years later, Plaintiff again faces the same situation with the same two white females, Linda Brooks and Wendi Barnette. On May 24, 2022, Linda Brooks (Director of LSU Nurse Family Partnership Program (NFP) called and asked that I cancel my 11 am patient and meet with her and Marc Gibson, (OB/GYN Business Manager) office at 11:00 am. In this meeting Linda

Brooks informed Plaintiff that she was giving Plaintiff a "heads up" on the plans for merging the two NFP Teams at LSU into one team before the meeting the following morning that everyone would have to attend on May 25, 2022, at 8:30 am. Team A, of which Plaintiff was the Nurse Supervisor. Plaintiff had four nurses on her team and Team B, whose supervisor was Wendi Barnette, had only one nurse on her team because she had experienced a high turnover of underperforming employees. Linda stated that the merged team would only have one supervisor, one assistant supervisor, and five nurses because of the underperformance of Team B. Linda further advised that if I would just accept the demotion to assistant supervisor then Wendi would be the supervisor of the new merged team and the employer would not have to post the position for other applicants. Linda was advising me to voluntarily take the assistant position since Wendi Barnette made more money than I did and more years' experience as a supervisor. Even though I had more years with the hospital and the time with the program, Linda stressed the difference in our salaries as her first concern, which was a fact I was just learning from her. However, I would have had those years of experience had I not been discriminated against and passed over years before. At this point, I was being pressured by both Linda Brooks and Marc Gibson to voluntarily accept the demotion to assistant, which I refused. Linda only gave me until the next morning on May 25, 2022, at 8:30 am to make my decision.

9.

Marc Gibson further stated, "If it were my wife and she was this close to retirement, I would tell her to take the assistant position until she retired." When I again refused to accept the demotion, he began to focus on intimidating me into an early retirement. I was advised by HR that if my position was eliminated and I did not choose to retire, I would lose a significant portion of my retirement benefits and paid leave.  Ultimately, the position was awarded to Wendi. This pattern and practice of discrimination left Plaintiff no choice, but to salvage what I could of the 24 years given to the employer. Marc could have offered me a supervisory RN position in another department, at the hospital, or in IT (I have a master's degree in nursing informatics), but he made no effort to accommodate me in any way. It was accepting the demotion or retire early and lose the opportunity to participate in the DROP, which significantly decreased my monthly retirement pay.

10.

For years Plaintiff was the only black nurse employee in the program, and Plaintiff learned shortly before her forced retirement that she was always paid lower than white nurses regardless of her position with LSUHSC.

RELIEF

Plaintiff is seeking relief in the form of a change in the pattern and practice of paying black nurses less than white nurses and promoting whites over blacks when the employer's own policy favors the black employee.

Plaintiff further seeks monetary relief for the loss of pay due to being forced into an early retirement and unable to participate in DROP, the accrued paid leave she had to forfeit because of the forced retirement, and the continuing future loss of employment as a result of the employer's intentional race discrimination.

Respectfully submitted,

Barbara Rogers Carter Smith

3687 Royale Place

Keithville, LA  71047

318-572-3653

hzlgrneyesrn@gmail.com